**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

———————————————————— :
                                              :
ERICA MARTEMUCCI                   :
1991 Ravenwood Drive               :
Bethlehem, PA 18018                  :
                        Plaintiff        :        Jury Trial Demanded
            v.                              :
                                              :
ST. LUKE'S HEALTH NETWORK, INC.  :        Civil Action No. _____
  dba St. Luke's University Health Network  :
801 Ostrum Street                     :
Bethlehem, PA 18015                  :
                        Defendant      :
————————————————————:

## COMPLAINT

Plaintiff, Erica Martemucci, by and through her attorneys, The Derek Smith Law Group, PLLC, hereby bring the following claims of disability discrimination and retaliation in violation of the Americans with Disabilities Act ("ADA"), 42 U.S.C.A. §12101 *et. seq.* as amended by the Americans with Disabilities Amendment Act of 2008 ("ADAA"), with regard to discipline, termination, failure and refusal to accommodate, failure and refusal to engage in the interactive process in good faith, and other wrongful conduct against Defendant, St. Luke's Health Network, Inc.  Plaintiff alleges and avers in support thereof:

### Parties

1.      Plaintiff, Erica Martemucci, is an adult female individual that resides at the above captioned address and worked briefly for Defendant, St. Luke's Health Network, Inc., as a Patient Care Assistant (PCA) from February 20, 2023 through March 31, 2023, earning $15.95 an hour.

2.      Defendant, St. Luke's Health Network, Inc. doing business as St. Luke's University Health Network ("Defendant"), is an entity or non-profit domestic corporation, that

exists and conducts business under the laws of the Commonwealth of Pennsylvania and engages in interstate commerce with over two hundred employees, and thus is subject to federal law. Defendant has a registered office authorized to receive service of process at 801 Ostrum Street, Bethlehem, PA 18015.

3.      At all times relevant, Defendant, agreed, accepted, adopted, acquiesced, and/or otherwise was bound by the actions, omission, and conduct of its owners, officers, managers, supervisors, employees, and agents, including Stephanie Konke and Jessica Jimenez.

## Jurisdiction and Venue

4.      Subject matter jurisdiction is appropriate before this Court under Federal Question Jurisdiction, 28 U.S.C. §1331.

5.      Venue is appropriate before this Court as Defendant resides and all actions giving rise to this litigation occurred in the Eastern District of Pennsylvania (i.e. Berks, Bucks, Chester, Delaware, Lancaster, Lehigh, Montgomery, Northampton, and Philadelphia Counties).

6.      Plaintiff has completed all pre-requisites to bringing her claims of employment discrimination by having filed a Charge of Discrimination with the Equal Employment Opportunity Commission and dual filed that charge with the Pennsylvania Human Relations Commission, and Plaintiff received a Notice of Right to Sue, after which she timely filed this litigation.

## Facts

7.      Defendant hired Plaintiff as a full-time employee and before Plaintiff began work she had to pass a physical examination, which she did pass on or about February 14, 2023.  It is alleged and believed that Plaintiff passed the physical examination the second time.

8.      Plaintiff has disabilities with her left foot including arthritis, damage to a

cutaneous sensory nerve of the left ankle and foot, neuropathic pain, and complex regional pain syndrome type 1 of the lower extremity.

9.      These conditions and/or disabilities substantially impair Plaintiff's ability to do everyday activities including walk, stand, lift, work, and other related movements.

10.     During Plaintiff's first week of employment for Defendant she began having pain, aggravation, and discomfort of her left foot, which further impaired her ability to work.

11.     As a result of the pain, discomfort, and her inability to perform certain aspects of the job due to her disabilities, Plaintiff asked supervisor Stephanie Konke for light duty and/or an accommodation.

12.     Nothing came of this request.

13.     On March 1, 2023 Plaintiff's podiatrist, Jung Lee, DPM, of St. Luke's University Health Network, issued Plaintiff work restrictions of no "more than 20 hours a week and only 4 hours a day" of work, and recommended "light duty if it is possible in her position."

> To Whom it May Concern:
>
> Erica Martemucci is under my professional care. Erica was seen in my office on 3/1/2023. Erica should not work more than 20 hours a week and only 4 hours a day. I recommend light duty if it is possible in her position.
>
> If you have any questions or concerns, please don't hesitate to call.

14.     Plaintiff gave Dr. Lee's note regarding work restrictions to her supervisor Ms. Konke and then to Defendant's Human Resources Business Partner Jessica Jimenez.

15.     On Monday, March 6, 2023, Plaintiff had a phone conversation with Ms. Jimenez and was informed Defendant would accommodate the work restrictions for six months, and then re-evaluate.

16.     That same day, Monday, March 6, 2023, Ms. Jimenez drafted a letter to Plaintiff

that reiterated some of their discussion, including that (1) Defendant will temporarily accommodated the work restrictions and, (2) further information was needed from Dr. Lee.

17.     On Friday, March 24, 2023, however, Ms. Jimenez and Ms. Konke called Plaintiff into an office and informed her that they were putting Plaintiff on unpaid leave as they needed more paperwork from the doctor.

18.     They told Plaintiff that they were looking for different positions for Plaintiff, and possibly part-time work.

19.     At the end of the meeting, Plaintiff asked for her badge and told she would hear from Defendant in a week.

20.     Out of concern for her job and concern over Defendant having not maintained its promises, Plaintiff emailed Ms. Jiminez on or about March 27, 2023 that she felt discriminated against and retaliated against, that Defendant had gone-back on its promise of six months of accommodated work, and to give notice that Defendant had recently changed her work hours and this change would impact Plaintiff's treatment related to her disabilities and condition.

21.     It is alleged and believed Plaintiff's medical provider, Dr. Lee, had been submitting medical information to Defendant for weeks, mostly recent on March 29, 2023.

22.     On Friday, March 31, 2023 Ms. Jiminez and Ms. Konke called Plaintiff via telephone and stated there were no other positions available, and Defendant could not accommodate Plaintiff's medical restrictions.

23.     As a direct and proximate result of Defendant's refusal to accommodate, Plaintiff was involuntarily separated and terminated from employment.

24.     After the call, Plaintiff saw numerous jobs available online for Defendant.

25.     Patient Care Assistants (PCA) for Defendant draw blood, move patients, clothe,

bathe, and generally care for patients.

26.    On information and belief, other PCAs were permitted to work part-time.

27.    Plaintiff's restrictions and accommodations would not have caused a Hardship.

28.    On information and belief, other positions were available for Plaintiff within her restrictions.

29.    As such, Defendant failed to reasonably accommodate Plaintiff when there would not have been a Hardship to do so.

30.    Defendant failed to engage in the interactive process in good faith.

31.    Defendant discriminated against Plaintiff due to her disability.

32.    Defendant retaliated against Plaintiff due to her need for an accommodation.

**COUNT ONE**
**Failure to Reasonably Accommodate, Interactive Process in Good Faith**
*Americans with Disabilities Act ("ADA"), 42 U.S.C.A. §12102 et. seq.*
Plaintiff v. Defendant

33.    Plaintiff incorporates the foregoing paragraphs as if set forth at length herein.

34.    Defendant is an employer under the ADA as it is engaged in an industry affecting commerce and has 15 or more employees for each working day in each of 20 or more calendar weeks, in the current or preceding calendar year.

35.    Plaintiff is a qualified individual with a disability as she has "a physical or mental impairment that substantially limits one or more major life activities of such individual" and/or "being regarded as having such an impairment."  42 U.S.C.A. §12102(a) *and also* 29 C.F.R. §1630.2(g).

36.    Specifically, Plaintiff's foot condition substantially limits her ability to work, stand, walk, and lift, and/or substantially limit her from everyday activities.

37.    Defendant was aware of Plaintiff's disabilities.

38.     Alternatively, Defendant perceived Plaintiff as disabled.

39.     At all times relevant, Plaintiff was a qualified individual with a disability as she could perform the essential functions of her job with or without reasonable accommodation.

40.     Plaintiff requested and further requested through her doctor a reasonable accommodation, modification of job duties, and /or reassignment.

41.     Defendant denied and refused to provide Plaintiff a reasonable accommodation.

42.     Defendants failed to engage in the interactive process in good faith.

43.     Defendant's failure and/or refusal to approve Plaintiff's request for an accommodation, due to Plaintiff's disability and condition was discriminatory.

44.     Defendant's failure and/or refusal to approve Plaintiff's request for an accommodation resulted in her termination.

45.     Defendant did not have a hardship related to Plaintiff's required and/or requested accommodations.

46.     Similarly situated non-disabled persons and persons outside Plaintiff's protected class were treated more favorably.

47.     Defendant hired or replaced Plaintiff with persons outside her protected classes.

48.     As a direct and proximate result of Defendant's discrimination, Plaintiff has suffered loss of wages, including loss of back pay, loss of front pay, loss of amenities of employment and out-of-pocket expenses, emotional damages, embarrassment, humiliation, loss of reputation, and other similar damages, all to Plaintiff's great detriment.

49.     Defendant's actions were willful and wanton and thus require the imposition of Punitive Damages.

50.     Alternatively, as Defendant considered Plaintiff's disability in the foregoing

discrimination and conduct, Plaintiff is entitled to a charge for mixed-motive discrimination, which entitles Plaintiff to an award of Attorney's fees.

WHEREFORE, Plaintiff, Erica Martemucci, demands all relief from Defendant, St. Luke's Health Network, Inc., recoverable under law and as deemed reasonable and just by the Court.

**COUNT TWO**
**Retaliation**
*Americans with Disabilities Act ("ADA"), 42 U.S.C.A. §12102 et. seq.*
<u>**Plaintiff v. Defendant**</u>

51.    Plaintiff incorporates the foregoing paragraphs as if set forth at length herein.

52.    Plaintiff engaged in protected activity when she requested accommodations and when she took a leave of absence, and/or received an accommodation related to her disability.

53.    Defendant retaliated against Plaintiff by removing the accommodation, placing her on unpaid leave, and then separating her from employment, as set forth *Supra*.

54.    Defendant's foregoing adverse actions were temporally proximate to Plaintiff's protected activity such that they are unusually suggestive of a retaliation and thus no further evidence is required of retaliation.

55.    Alternatively, evidence exists to show Defendant's foregoing adverse treatment and conduct was causally related to the protected activity, and thus retaliatory.

56.    As a direct and proximate result of Defendant's retaliation, Plaintiff has suffered loss of wages, including loss of back pay, loss of front pay, loss of amenities of employment and out-of-pocket expenses, emotional damages, embarrassment, humiliation, loss of reputation, and other similar damages, all to Plaintiff's great detriment.

57.    Defendant's actions were willful and wanton and thus require the imposition of Punitive Damages.

7

58.     Alternatively, as Defendant considered Plaintiff's protected activity in the foregoing conduct, Plaintiff is entitled to a charge for mixed-motive discrimination, which entitles Plaintiff to an award of Attorney's fees.

WHEREFORE, Plaintiff, Erica Martemucci, demands all relief from Defendant, St. Luke's Health Network, Inc., recoverable under law and as deemed reasonable and just by the Court.

**COUNT THREE**
**Retaliation - Violation of Public Policy**
*Shick v. Shirey, 716 A.2d 1231 (Pa. 1998)*
<u>**Plaintiff v. Defendant**</u>

59.     Plaintiff incorporates the foregoing paragraphs as if set forth at length herein.

60.     Under the Supreme Court decision, *Shick v. Shirey,* 716 A.2d 1231 (Pa. 1998), there exists a public policy right for employees to not be retaliated against and/or terminated for having sought and exercised their rights under the Pennsylvania Workers Compensation Act.

61.     Plaintiff had a viable claim and/or made a claim for Workers' Compensation benefits related to her foot aggravation.

62.     Defendant terminated Plaintiff due to her eligibility for a claim.

63.     Defendant intentionally, purposefully, and willfully refused to return Plaintiff to work in a position she was capable of doing in an effort to separate her from employment and prevent or undermine a claim for benefits.

64.     As a direct and proximate result of Defendant's violation of public policy, Plaintiff has suffered loss of wages, loss of earnings, loss of amenities of employment, pain, suffering, emotional damages, loss of reputation, out-of-pocket expenses, and similar harms; all to Plaintiff's great detriment.

65.     Plaintiff seeks all relief recoverable such as punitive damages, attorney fees, and

costs.

WHEREFORE, Plaintiff, Erica Martemucci, demands all relief from Defendant, St. Luke's Health Network, Inc., recoverable under law and as deemed reasonable and just by the Court.

## COUNT FOUR
### Disability Discrimination and Retaliation
### *Pennsylvania Human Relations Act ("PHRA"), 43 P.S. §§951-963*
### <u>Plaintiff v. Defendant</u>

66.      Plaintiff incorporates the foregoing paragraphs as if set forth at length herein.

67.      Defendant is an employer under 43 P.S. §951 *et. seq.* as it employs the requisite number of individuals (four) within the Commonwealth of Pennsylvania to be subject to the Pennsylvania Human Relations Act ("PHRA").

68.      Plaintiff is an employee under the PHRA as she is employed by an employer.

69.      Plaintiff has protected classes in her disability.

70.      Defendant discriminated against and disparately treated Plaintiff on the basis of disability as alleged *Supra* and thus violated the PHRA.

71.      Defendant retaliated against Plaintiff on the basis of disability as alleged *Supra* and thus violated the PHRA.

72.      As a direct and proximate result of Defendant's discriminatory and retaliatory conduct, Plaintiff has loss of wages, loss of back pay, loss of front pay, out-of-pocket expenses, pain, suffering, mental anguish, loss of reputation, and other damages.

73.      Plaintiff seeks attorney's fees and costs.

74.      Alternatively, Defendant's actions were motivated by the foregoing discrimination and thus Plaintiff is entitled to attorney's fees under the mixed motive theory of liability.

WHEREFORE, Plaintiff, Erica Martemucci, demands all relief from Defendant, St. Luke's Health Network, Inc., recoverable under law and as deemed reasonable and just by the Court.

Respectfully Submitted,

DEREK SMITH LAW GROUP, PLLC

_____

CHRISTOPHER J. DELGAIZO, ESQ.
Attorney for Plaintiff
*Attorney I.D. No. 200594*

1628 Pine Street
Philadelphia, PA 19103
T: 215-391-4790
Fax: 215-501-5911
Email: Chris@dereksmithlaw.com

Date: February 19, 2024